UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

STEPHEN WALKER, : CASE NO. 1:19 CV 750

    Plaintiff,

vs. : OPINON & ORDER

J. HRISTOVSKI, *et al*.,

    Defendants.

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

*Pro se* plaintiff Stephen Walker, a prisoner currently incarcerated in the Ohio State Penitentiary, has filed this civil rights action against corrections officers and other staff at the Mansfield Correction Institution where he was previously incarcerated. (Doc. No. 1.) His complaint names the following defendants: Corrections Officers J. Hristovski, J. Carden, and Albright, Unit Manager Michaels, Case Manager Henry, Lieutenant Wolfe, and "E. Putt." (*Id*. at 1, 3.)

The plaintiff alleges he had an encounter with Officer Hristovski on September 6, 2018, during which Officer Hristovski threatened him, destroyed his religious property, including tossing his Qu'ran in the toilet, and then accused the plaintiff of spitting on him. He alleges he was placed on suicide watch following this incident, and after his release, was assaulted and severely beaten by Officers Hristovski, Carden, and Albright and Lieutenant Wolfe in retaliation, and his legal work and religious items were again destroyed. He alleges that after his request to speak to a "white shirt" was denied, he popped the sprinklers in his cell, allegedly "because this was the only way to speak directly with the white shirt." (*Id*. at 6.) But when the "white shirt" arrived, he

blatantly stated to the plaintiff that he did not care about the plaintiff's property and that "[the plaintiff] spit on one of mines and we are going to come in there and put you face down inside of that water and say you resisted until you drown." (*Id*.) The plaintiff alleges he was then forced to sleep on a wet floor without blankets or heat and had to smear feces on his body to stay warm. (*Id*. at 6-7.) "Mental health services came to talk to [him]" several days later, but "did not seem to care," and he was "cleared off suicide watch and put back into [his] cell where after 3 days [he] was finally given stuff to clean [his] cell and bed and blankets." (*Id*. at 7.)

Alleging that the defendants violated his constitutional rights, he seeks declaratory relief and damages. With his complaint, the plaintiff filed a motion to proceed *in forma pauperis*, which has been granted by separate order.

**Standard of Review**

Because the plaintiff is proceeding *in forma pauperis*, the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e). That statute requires the Court to dismiss before service any portion of the plaintiff's complaint that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In conducting this review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Nonetheless, the Court is not required to conjure allegations on his behalf or construct claims for him. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2014). In order to withstand a dismissal for failure to state a claim, the plaintiff's complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief against each defendant that is

Case No. 1:19CV750
Gwin, J.

plausible on its face. *See Hill*, 630 F.3d at 471 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## Discussion

Upon review, the Court finds that the plaintiff's complaint must be dismissed as against defendants Michaels, Henry, and "E. Putt" for failure to state a claim. The plaintiff does not set forth any discernible allegations of misconduct on the part of these defendants in his complaint, or discernible allegations connecting them to the conditions or misconduct he alleges. A plaintiff cannot establish the individual liability of any defendant for constitutional violations under 42 U.S.C. § 1983 absent allegations showing that the defendant was personally involved in the conduct which forms the basis of his claims. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). "Claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir 2002) (emphasis in original). To state a claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The plaintiff's allegations with respect to defendants Michaels, Henry, and "E. Putt" are either non-existent, or are too vague and conclusory to meet basic pleading requirements or suggest plausible claims. *See Iqbal*, 556 U.S. at 678.

The Court, however, will allow the plaintiff's action to go forward against the remaining defendants -- Officers Hristovski, Carden, Albright, and Lieutenant Wolfe. The plaintiff has set forth allegations in his complaint with respect to these defendants sufficient to suggest at least plausible Eighth Amendment claims.

-3-

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e) as against defendants Michaels, Henry, and "E. Putt." The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this dismissal could not be taken in good faith.

This action shall proceed only as against defendants Hristovski, Carden, Albright, and Wolfe. Within 20 days of the date of this Order, plaintiff shall submit to the Clerk's Office completed U.S. Marshal 285 forms and completed summons forms for each of the remaining defendants. Upon receipt, the Clerk's Office shall forward the appropriate documents to the U.S. Marshal for service of process on these defendants, and **a copy of this order shall be included with the documents to be served**.

IT IS SO ORDERED.

Dated: July 3, 2019

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE