UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | |
|---|---|
| STEPHEN WALKER, : | |
| : | Case No. 1:19-cv-00750 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 32] |
| ANTOINETTE CHAMBERS-SMITH, *et al.*, : | |
| : | |
| Defendants. : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Stephen Walker sues Defendants, employees of the Ohio Department of Rehabilitation and Correction. Walker alleges that Defendants violated his constitutional rights.[1]

On March 5, 2020, the Court granted in part Defendants' motion to dismiss, dismissing all but two Defendants.[2] On May 18, 2020, the remaining Defendants moved for summary judgment.[3] Plaintiff did not file any opposition.

For the following reasons, the Court **GRANTS** Defendants' motion for summary judgment.

I.    Background

The complaint's allegations are summarized more fully in this Court's order granting in part Defendants' motion to dismiss.[4] Relevant to the instant motion for summary judgment, Plaintiff Walker says that while he was incarcerated at Mansfield Correctional

---

[1] Doc. 10.
[2] Doc. 30.
[3] Doc. 32.
[4] Doc. 30. The most recent "amended complaint" on the docket, Doc. 14, consists of a complaint form which contains no facts or allegations and incorporates the factual and legal allegations in the earlier filed complaint, Doc. 10. The Court therefore refers to the factual allegations in Doc. 10 throughout.

Case No. 1:19-cv-00750
Gwin, J.

Institution, Defendant Corrections Officer Hristovski threw Walker's Quran into the toilet and then onto the floor in violation of Walker's First Amendment right to free exercise of religion.[5] Walker says that Hristovski disrespected the Quran after Walker asked Correctional Officer Hristovski for permission to return to his cell from the recreation cage. Plaintiff says he then changed his mind about returning to his cell once Defendant Hristovski arrived.[6]

Walker also says that Defendant Hristovski violated his Eighth Amendment rights by spraying him with mace when Plaintiff Walker became agitated in response to Hristovski damaging his belongings.[7]

Over the next few days, Plaintiff Walker was involved in several incidents which involved, among other things, flooding his own cell, spreading his own feces on himself and his cell on more than one occasion, and repeated intervention from the prison's mental health staff.[8]

During the flooding incident, Plaintiff Walker popped his cell's sprinkler head, flooding the cell, then refused to leave the cell.[9] After a crisis negotiator managed to get Walker to leave the cell, Walker says an unidentified officer led him from the cell, shoving him into walls.[10] Defendant Wolpe and unidentified officers then allegedly took Walker off camera and hit and kicked his head in violation of Walker's Eighth Amendment rights violation.[11]

---

[5] Doc. 10 at 6.
[6] *Id.*
[7] *Id.*
[8] *Id.* at 6-9.
[9] *Id.* at 7.
[10] *Id.* at 7-8.
[11] *Id.* at 8.

-2-

Case No. 1:19-cv-00750
Gwin, J.

## II. Discussion

On a motion for summary judgment, the Court "must view the evidence in a light most favorable to the non-moving party" to determine whether there is a genuine issue of material fact.[12] Even where a summary judgment motion is unopposed, the Court must determine that Defendants are entitled to relief as a matter of law.[13] However, "[i]t is well-established that the Court may rely on the facts presented by the movant in evaluating an *unopposed* motion for summary judgment."[14]

"Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15]

Defendants argue for summary judgment on multiple grounds. First, Defendants say they are entitled to summary judgment because Walker failed to exhaust his administrative remedies.[16] Second, Defendants argue that there are no fact issues for trial.[17] Finally, Defendants say that Defendant Hristovski is entitled to qualified immunity on the Eighth Amendment claim against him.[18]

Under the Prison Litigation Reform Act, a prisoner must exhaust his administrative remedies prior to filing a federal action related to prison conditions.[19] Exhaustion requires the prisoner to "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the critical procedural rules of the prison's grievance

---

[12] *Wyland v. Quinones*, No. 08cv1792, 2009 WL 974968, at *1 (N.D. Ohio Apr. 9, 2009).
[13] *Roane v. Larose*, No. 4:14CV1779, 2016 WL 6522665, at *2 n. 4 (N.D. Ohio Nov. 2, 2016).
[14] *Wyland*, 2009 WL 974968, at *2 (emphasis in original).
[15] *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quotation omitted) (citing Fed. R. Civ. P. 56(a)).
[16] Doc. 32 at 3-7.
[17] *Id.* at 7-16.
[18] *Id.* at 16-19.
[19] *Surles*, 678 F.3d at 455.

-3-

Case No. 1:19-cv-00750
Gwin, J.

process."[20] Failure to exhaust is an affirmative defense that must be established by Defendants.[21]

To exhaust his administrative remedies, Ohio's administrative prison grievance procedure required Walker required to complete three steps.[22] The three steps include submitting an informal complaint, filing a grievance notification, and filing an appeal with Ohio's Office of the Chief Inspector.[23]

Defendants' say that Plaintiff Walker did not even complete any of the three steps, including the first step, filing an informal complaint.[24] In support of this assertion, Defendants submit an affidavit from Marc Bratton, an Assistant Chief Inspector for the Ohio Department of Rehabilitation and Correction and an inmate grievance-records custodian.[25] Bratton states that Walker filed a grievance on September 10, 2018 against Corrections Officer Car stating that Car threw Walker's Quran in water.[26] He attaches the grievance, which names neither Defendant Hristovski nor Defendant Wolpe.[27] Bratton says that Walker did not complete the remaining steps in the grievance process for this claim against Car.[28]

Based on this evidence, Plaintiff Walker has failed to exhaust his administrative remedies in two ways. First, Walker appears to have failed to file an informal complaint related to his claims against Hristovski and Wolpe, the first step in Ohio's prison grievance

---

[20] *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (internal quotations omitted).
[21] *Roane v. LaRose*, No.4:14CV1779, 2016 WL 6538016, at *4 (N.D. Ohio Oct. 12, 2016), report and recommendation adopted by *Roane v. Larose*, No. 4:14CV1779, 2016 WL 6522665 (N.D. Ohio Nov. 2, 2016).
[22] Ohio Admin. Code § 5120–9–31.
[23] *Id.*
[24] Doc. 32 at 5.
[25] Doc. 32-1.
[26] *Id.* at 2.
[27] *Id.* at 4.
[28] *Id.* at 2.

-4-

Case No. 1:19-cv-00750
Gwin, J.

procedure.[29] Second, even if the September 10, 2018 grievance against Officer Car could be construed as covering Walker's claims against Hristovski and Wolpe, Plaintiff did not complete Ohio's administrative grievance process for that claim and therefore failed to satisfy the exhaustion requirement as to that grievance.

Because Plaintiff has not exhausted his administrative remedies, the Court finds that there is no issue of fact for trial and grants summary judgment in favor of Defendants. The failure to exhaust is dispositive, so the Court does not address Defendants' remaining arguments in support of their motion.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** summary judgment in favor of Defendants.

IT IS SO ORDERED.

Dated: August 4, 2020             *s/         James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[29] "[A] plaintiff generally fails to exhaust administrative remedies by failing to include an official's name in a grievance if it is required by the applicable grievance procedures." *Hall v. Warren*, 433 F. App'x 99, 106 (6th Cir. 2011). Ohio's procedure requires the grievance to include specific information about reported incidents, including names where applicable. Ohio Admin. Code § 5120–9–31. Walker was therefore required to include Hristovski and Wolpe's names in his grievance if the grievance was intended to cover his claims against those two Defendants.
  Furthermore, while there are certain exceptions to completing the first step in the grievance procedure, the filing of the informal complaint, there is no evidence to suggest that Walker proceeded to the second step of the process for any claim.